UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH McDONALD,<br><br>                             Petitioner,<br><br>         v.<br><br>HAAWS, Warden,<br><br>                             Respondent. | Civil No.   08-0652 L (PCL)<br><br>**ORDER:**<br><br>**(1) SETTING BRIEFING SCHEDULE ON MOTION FOR STAY;**<br><br>**(2) CONSTRUING PETITIONER'S REQUEST FOR APPOINTMENT OF NEXT OF FRIEND AS A REQUEST FOR A GUARDIAN AD LITEM; and**<br><br>**(3)  REQUIRING ADDITIONAL INFORMATION REGARDING PETITIONER'S REQUEST FOR A GUARDIAN AD LITEM** |

On April 1, 2008, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis in the United States District Court for the Central District of California.  On April 9, 2008, the case was transferred to this Court. (Doc. No. 1.)  The Court denied Petitioner's motion to proceed in forma pauperis and dismissed his case without prejudice and with leave to amend on April 17, 2008.  Petitioner was given until June 20, 2008, to satisfy the filing fee requirement and file a First Amended Petition which cured the pleading deficiencies outlined in the Court's Order.  (Doc. No. 3.)  On May 19, 2008, Petitioner filed a First Amended Petition,

1  a Motion to Proceed in Forma Pauperis, a Motion for Stay and Request for Appointment of Next
2  of Friend, which the Court construes as a Motion for the Appointment of a Guardian Ad Litem.
3  (*See* Doc. Nos. 4, 5, 6, 8.)[1]

### MOTION FOR STAY

Petitioner has filed a motion asking this Court to stay the proceedings in this case pending his exhaustion of claims in the California Supreme Court. It appears that Petitioner is currently exhausting three claims in the California Supreme Court via a habeas corpus petition filed on April 1, 2008. (*See* Pet'rs Motion for Stay, at 17.) The United States Supreme Court and the Ninth Circuit Court of Appeals have set forth criteria for determining when a stay is appropriate. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a stay is available only in "limited circumstances" and where there is "'good cause for the failure to exhaust.'" *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (quoting *Rhines*, 544 U.S. at 277-78). Thus, in order to warrant a stay, Petitioner must demonstrate there are arguably meritorious claims which he wishes to exhaust in state court and that he has diligently pursued those claims. *Id.*

Accordingly, **IT IS ORDERED** that:

(1) **Petitioner is to file a brief** in support of his motion for stay which (a) clearly identifies the claims he seeks to exhaust in state court; (b) clearly sets forth the merits of those claims; and (c) clearly sets forth the measures he has taken to diligently pursue his state court remedies. Petitioner's brief is to be filed **no later than July 14, 2008**;

(2) **Respondent may file a response** to Petitioner's brief **no later than August 14, 2008**; and

(3) **Petitioner may file a reply** to the response **no later than August 28, 2008**.

### MOTION FOR A GUARDIAN AD LITEM

Petitioner has also filed a document entitled "Points and Authorities in Support of Next of Friend," which the Court construes as a motion for the appointment of a guardian ad litem. (*See* Doc. No. 8.) In a document prepared by fellow inmate M. Lindsey, Petitioner alleges that he is unable to litigate his habeas corpus petition due to mental incapacity. (*See* Pet'rs Motion

---

[1] The Court granted Petitioner's Motion to Proceed in Forma Pauperis on May 21, 2008. (*See* Doc. No. 7.)

for Guardian Ad Litem, at 2-4.) He also includes a declaration in which he states he is under the care of a psychiatrist, and a declaration from M. Linsday in which Lindsay states that he has observed Petitioner while in prison and that because of his mental disabilities Petitioner would not be able to pursue his habeas corpus petition on his own. (*Id.* at 5-8.) Finally, Petitioner includes at least some of his prison psychiatric records, which indicate he is in the Enhanced Outpatient Program at California State Prison, Los Angeles County, that he has been diagnosed with major depressive disorder with psychotic features, and that he is currently taking several psychotropic medications. (*Id.* at 6-24.)

As a threshold matter, the Court must determine whether Petitioner has presented substantial evidence of incompetence to warrant the Court conducting a competency hearing. In *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005), the petitioner submitted his own declaration and the declaration of another inmate explaining that he was mentally ill and did not understand the court's instructions. *Id.* at 1152. In addition, petitioner included a letter from the prison psychiatrist setting forth his diagnosis of chronic undifferentiated schizophrenia and stating that petitioner was taking two psychotropic medications. *Id.* Because those submissions established that "he suffer[ed] from a mental illness, the mental illness prevent[ed] him from being able to understand and respond to the court's order, and he was still suffering from the illness during the relevant time period," the Ninth Circuit held that the district court should have appointed counsel for Petitioner and conducted a competency hearing. *Id.* In concluding Allen was entitled to a competency hearing, the Ninth Circuit stated:

> Pursuant to Fed.R.Civ.P. 17(c), courts are required to "appoint a guardian ad litem for an . . .incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the incompetent person." This Rule applies to habeas petitioners as it does to other civil litigants . . . .
>
> . . . .
> We do not hold that a petitioner should be appointed counsel for habeas proceedings. We merely rule that counsel should be appointed for the limited purpose of representing the petitioner at the competency hearing as required by Rule 8 of the Rules Governing Section 2254 Cases, should the district court determine it is advisable.

*Allen*, 408 F.3d at 1153.

At this point, it is unclear whether there is "substantial evidence of incompetence" to

warrant the Court conducting a competency hearing and appointing a guardian ad litem. Accordingly, **IT IS ORDERED**:

(1) **Petitioner is directed to file a paper** entitled "Additional Information Re Application for Guardian Ad Litem" with accompanying declarations and exhibits **no later than July 14, 2008**. The additional information must establish that: (a) Petitioner currently suffers from a mental illness, and (b) the mental illness prevents him from understanding and complying with the Court's orders. The additional information may include declarations from Petitioner, fellow inmates or medical and psychiatric personnel having personal knowledge of Petitioner's incompetence. Petitioner should also include any further recent psychiatric records in his possession; **and**

(2) **Respondent shall file a response** to Petitioner's Additional Information Re Application for Guardian Ad Litem **no later than August 14, 2008**. The response shall contain the results of Respondent's independent investigation into Petitioner's incompetence in addition to legal argument.

**IT IS SO ORDERED.**

DATED: May 29, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court