EDMUND G. BROWN JR.
Attorney General of the State of California
GARY W. SCHONS
Senior Assistant Attorney General
ANTHONY DA SILVA
Deputy Attorney General
ARLENE A. SEVIDAL, State Bar No. 188317
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2276
 Fax: (619) 645-2191
 Email: Arlene.Sevidal@doj.ca.gov

Attorneys for Respondent General Fund - Legal/Case Work

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH MCDONALD,**<br><br>                              Petitioner,<br><br>     v.<br><br>**E. B. HAAWS, WARDEN,**<br><br>                              Respondent. | 08-0652 L (PCL)<br><br>RESPONSE TO PETITIONER'S MOTION TO STAY THE PROCEEDINGS AND HOLD PETITIONER'S FEDERAL PETITION IN ABEYANCE AND TO APPOINT A GUARDIAN ADLITEM |

EDMUND G. BROWN JR.
Attorney General of the State of California
GARY W. SCHONS
Senior Assistant Attorney General
ANTHONY DA SILVA
Deputy Attorney General
ARLENE A. SEVIDAL, State Bar No. 188317
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2276
 Fax: (619) 645-2191
 Email: Arlene.Sevidal@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH MCDONALD,**<br><br>                                Petitioner,<br><br>   v.<br><br>**E. B. HAAWS, WARDEN,**<br><br>                                Respondent. | 08-0652 L (PCL)<br><br>RESPONSE TO PETITIONER'S MOTION TO STAY THE PROCEEDINGS AND HOLD PETITIONER'S FEDERAL PETITION IN ABEYANCE AND TO APPOINT A GUARDIAN ADLITEM |

## INTRODUCTION

Petitioner presents 12 grounds for relief in the First Amended Petition for Writ of Habeas Corpus ("First Amended Petition") and the Petition for Writ of Habeas Corpus ("Petition") filed on April 1, 2008, which he incorporates by reference. Of these twelve grounds, Petitioner has not exhausted ground two in the First Amended Petition and none of the grounds in the Petition. Petitioner requests that this Court stay and abey the petitions so that he may exhaust these claims in state court. This Court should not hold the Petition in abeyance while Petitioner exhausts his state court remedies because good cause has not been shown, and the claims are plainly meritless.

Petitioner also requests that he be appointed a guardian ad litem because he is unable to pursue his habeas corpus litigation because of his alleged mental disabilities. Petitioner has failed to

08-0652 L (PCL)

1

produce substantive evidence of incompetence sufficient to warrant an incompetency hearing and appointment of a Guardian Ad Litem.

## STATEMENT OF THE CASE

Petitioner was convicted of three counts of burglary (counts 1-3; Cal. Pen. Code, § 459 [1]); attempted burglary (count 4; §§ 664 and 459); petty theft with a prior (count 5; § 484); receiving stolen property (count 6; § 496 (a)); and possession of a firearm by a felon (count 7, § 12021, (a)(1)). (II CT 300-301.) Petitioner was also found to have suffered one prison prior conviction (§§ 667.5 (b) and 668); a serious felony prior conviction (§§ 667 (a)(1), 668, 1192.7 (c)); and a strike prior conviction (§§ 667 (b) - (i); 1170.12; 668.) Petitioner was sentenced to a total of 22 years and four months in state prison which consisted of the midterm of four years, doubled, for count 1, one year and four months, doubled, each for counts 2-3, eight months, doubled, each for counts 4 through 7, and five years for the prison prior allegation. (II CT 416, 478.) The trial court stayed sentence for count 6 and the prison prior allegation pursuant to section 654.

Petitioner filed a direct appeal, and the California Court of Appeal, Fourth Appellate District, Division I, affirmed the judgment on January 17, 2007. (Lodgment 3.) Petitioner filed a Petition for Review in the California Supreme Court, which was denied on March 30, 2007. The state court decision became final on June 28, 2007. The limitations period expired one year later on June 27, 2008.

Petitioner filed the Petition together with a request to proceed in forma pauperis in the United States District Court on April 1, 2008. This Court denied Petitioner's motion and dismissed the case without prejudice and with leave to amend. On May 19, 2008, Petitioner filed the First Amended Petition. He requested that this Court stay the proceedings and hold the Petition in abeyance while he exhausts his claims in the state court. Petitioner also requested that a guardian ad litem be appointed to him because his mental incapacity rendered him incapable of litigating the Petition. This Court ordered Petitioner to file a brief in support of these requests. This Court

---

1. Any subsequent statutory reference is to the California Penal Code unless otherwise indicated.

08-0652 L (PCL)

2

1  ordered Respondent to file a response to the stay request and to the request for guardian ad litem by
2  August 14, 2008, as well as conduct independent investigation.  Respondent files this response to
3  the stay and appointment of guardian ad litem request.  Respondent, for its independent
4  investigation, requested and obtained from California State Prison, Los Angeles County, where
5  Petitioner is housed at this time, all medical and psychological records and any record which might
6  show whether Petitioner (a) currently suffers from mental illness and (b) whether the mental illness
7  prevents him from being able to understand and respond to court orders.  Petitioner's mental and
8  psychological records are lodged as Exhibit 1.

9  Respondent requests Exhibit 1 be filed under seal, since the exhibit contains Petitioner's
10 medical records, received from California State Prison, Los Angeles County, pursuant to this Court's
11 May 29, 2008, order.  Health Insurance Portability and Acountability Act of 1996 (HIPAA), 42
12 U.S.C. § 1320d (4); *Rojes v. Riverside General Hospital*, 203 Cal.App.3d 1151, 1165-66, 250
13 Cal.Rptr. 435 (1988), overruled on another ground in *Passavanti v. Williams*, 225 Cal.App.3d 1602,
14 1607, 275 Cal.Rptr. 887, 890 (1990).

**ARGUMENT**

**I.**

**THE PROCEEDINGS SHOULD NOT BE STAYED AND THE PETITION SHOULD NOT BE HELD IN ABEYANCE BECAUSE GOOD CAUSE DOES NOT EXIST WHY PETITIONER DID NOT EXHAUST THE CLAIMS IN STATE COURT AND THE UNEXHAUSTED CLAIMS ARE "PLAINLY MERITLESS"**

20 Here, the petition presents both exhausted and unexhausted claims. Petitioner requests that this
21 Court stay and abey the present petition so he can exhaust these eleven unexhausted claims in state
22 court.  The proceedings should not be stayed and the petition held in abeyance because good cause
23 does not exist why petitioner did not exhaust the claims in state court, and the claims are "plainly
24 meritless."

25 Federal courts may not grant habeas relief to a person held in state custody unless the petitioner
26 has exhausted his available state court remedies as to each of the issues presented.  *Rose v. Lundy,*
27 455 U.S. at 510, 518, 102 S. Ct. 1198, 1203 (1982).  A federal court cannot entertain a petition that
28 includes both exhausted and unexhausted claims.  *Id.*  The United States Supreme Court has made

it clear that the exhaustion rule is a <u>total</u> one: every claim in a federal habeas petition must be properly exhausted before any of the claims contained in the petition can be considered. *See Id.* at 518-19, 102 S. Ct. at 1203. *See also Jefferson v. Budge,* 419 F.3d 1013, 1015 (9th Cir. 2005) (under *Rose*, a petition raising both exhausted and unexhausted claims must be dismissed).

When petitions are found to be "mixed," petitioners must be given the opportunity to amend their petitions to delete the unexhausted claims and proceed only with the exhausted claims. *Rose*, 455 U.S. at 510, 102 S. Ct. at 1199 (the district court must give a petitioner the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims). "[A] federal habeas prisoner has a right to amend a mixed petition to delete unexhausted claims as an alternative to suffering a dismissal." *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Additionally, in order to meet the twin purposes of AEDPA's exhaustion and statute of limitations requirement, the United States Supreme Court held that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 275-77, 125 S. Ct. 1528, 161 L.Ed.2d 440 (2005). The High Court further found that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. In addition to this requirement, the Court also held that the district court would abuse its discretion in granting a stay when the claims are "plainly meritless." *Id.* The court also looked to whether the petitioner was engaging in intentional "dilatory litigation tactics." *Id.* at 278.

In light of the decision in *Rhines*, stay and abeyance is not appropriate here. Citing his alleged mental illness and low mental capacity, Petitioner claims there is good cause for his failure to file his claims in state court. However, as noted in Argument II below, there is not substantial evidence to show petitioner's incapacity. In fact, petitioner is a high school graduate who received A, B, and C grades, without taking special education classes. Moreover, he has been witnessed by prison staff writing, reading, typing and preparing legal documents. (Ex. 1 at 288.) Petitioner has been able to file, in pro per, many state petitions as well as requests to relieve his counsel on direct appeal. (Lodgments 1-2, 4-6.) These filings belie petitioner's claims that he was unable to exhaust

his state claims because of mental or cognitive incapacity. Thus, good cause does not exist for petitioner's failure to file the claims in state court.

Even assuming good cause, this Court should nonetheless decline to hold the petition in abeyance because the unexhausted claims are "plainly meritless." Petitioner raises the following claims in the First Amended Petition and Petition which appear to be unexhausted: (1) The trial court erred in allowing the prosecutor to impeach a defense witness with letters that violated *Brady v. Maryland* (1963), 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963). (First Amended Pet. at 7; Doc. 1 at 5); (2) insufficient evidence of burglary in count 1 (Doc. 1 at 5); (3) insufficient evidence of burglary in count 2 (Doc. 1 at 6); (4) California Penal Code section 654 bars consecutive sentence of burglary and ex-felon in possession of a firearm (Doc. 1 at 6, 64-67); (5) reference to the gang affiliations of defense witnesses violated petitioner's due process rights; (Doc. 1 at 6, 69-92); (6) a video tape depicting petitioner rapping was erroneously introduced in violation of petitioner's due process rights and California Evidence Code section 352 (Doc. 1 at 7, 93); (7) various claims of prosecutorial misconduct (Doc. 1 at 8-9, 34-65); (8) ineffective assistance of trial counsel (Doc. 1 at 10, 66-67); (9) cumulative error (Doc. 1 at 11); and (10) erroneous jury instructions (Doc. 1 at 12). Ground two of the First Amended Petition and ground one in the Petition are plainly meritless because there was no violation under *Brady v. Maryland*, *supra*. The letters used to impeach the defense witness were in Petitioner's possession because Regina Burton, his girlfriend, sent them to Petitioner while he was in jail. Thus there was nothing for the prosecution to disclose since Petitioner knew the contents of his own letters. He could not have been surprised when the letters were used to cross-examine Burton. Moreover, the letters did not contain exculpatory material, nor did they establish Petitioner's guilt, but rather, went to the credibility of Burton. Due process was not violated because the questioning of Burton with respect to the letters was brief, and Burton was rehabilitated during redirect examination.

Grounds two and three of the Petition are also plainly meritless, as there was substantial evidence of Petitioner's guilt in the Havern and Borrego burglaries. Under the federal Constitution's due process clause, there is sufficient evidence to support defendant's conviction if, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There was substantial evidence to support Petitioner's convictions on both burglaries. During the Borrego burglary, Petitioner was seen driving away in an Oldsmobile. A neighbor took down the license plate number of the car. (Lodgment 3 at 5.) Petitioner was later arrested in this car. In the glove compartment was a vehicle title listing Petitioner as the owner of the car. Inside the trunk of the car, was a suitcase and a tripod which belonged to the Haverns and was taken during the Havern burglary. (Lodgment 3 at 3, 4.) In the apartment where appellant was living, a purse, a camcorder and a memory stick which contained images of Jolene Havern, which had been taken during the burglary, were recovered. (Lodgment 3 at 3, 4.) The videocassette in the camcorder also showed a video of petitioner performing a rap in which he talked about some of the guns he had taken during other burglaries. (Lodgment 6 at 4.) Moreover, petitioner's cohort in the burglaries, Tony Washington, admitted to a detective that he and petitioner drove around looking for houses that did not have cars in front of them. Washington also admitted that petitioner committed the burglaries. (Lodgment 6 at 11.) Because there was substantial evidence to support the convictions, grounds two and three of the petition are plainly meritless.

Ground four of the Petition that California Penal Code section 654 bars consecutive sentence of burglary and ex-felon in possession of a firearm, and ground ten, erroneous CALJIC jury instructions are plainly meritless because these claims fail to state a federal question. (Doc. 1 at 12, 64-67.) These state law claims do not provide a basis for habeas corpus relief in this court. Federal habeas corpus is available only on behalf of a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254 (a); *Estelle v. McGuire*, 502 U.S. 62, 68; 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Federal habeas corpus is unavailable to retry state issues. *Milton v. Wainwright*, 407 U.S. 371, 377, 92 S.Ct. 2174, 2178, 33 L.Ed.2d 1 (1972). A federal court

may not issue the writ on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1989).

Ground five of the Petition regarding the cross examination of Washington about his gang

affiliations and ground six the admission of a videotape showing petitioner rapping also fail to state a federal question. While Petitioner makes references to violations of due process, the claims are essentially claims involving state evidentiary errors. Specifically, Petitioner claims the evidence violated California Evidence Code section 352, and that the admission of the videotape violated California Evidence Code 356 because the videotape's authenticity was not established. (Doc. 1-2 at 11.) Errors of state law cannot repackaged as federal errors simply by citing the due process clause. *Poland v. Stewart,* 169 F.3d 573, 584 (9th Cir. 1999).

In any event, there was no due process violation because the references to gang affiliations merely went to the credibility and bias of the defense witness. The defense witness claimed that a "homie" committed the burglaries with him and not Petitioner. The prosecutor asked if a "homie" was a gang member. The witness claimed a "homie" was simply a friend, and he denied any membership in a gang. The questioning never mentioned Petitioner as a member of a gang. (Doc. 1 at 76-81.) Thus, Petitioner suffered no prejudice as a result of the question. Moreover, the portion of the videotape where Petitioner rapped about stolen property was properly admitted as an admission by Petitioner. (Doc. 1 at 99.) Therefore, grounds five and six are plainly meritless.

Ground seven of the Petition which sets forth various claims of prosecutorial misconduct are is also plainly meritless. Prosecutorial misconduct warrants habeas relief only if the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed. 2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S. Ct. 1868, 1871, 40 L. Ed. 2d 431 (1974)) ; *Drayden v. White,* 232 F.3d 704, 713 (9th Cir. 2000) (citations omitted), cert. denied, 532 U.S. 984, 121 S. Ct. 1630, 149 L. Ed. 2d 491 (2001). "To constitute a due process violation, the prosecutorial misconduct must be "'of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 764, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). In measuring the fairness of the trial, a court may consider, inter alia, "(1) whether the prosecutor's comments manipulated or misstated the evidence; (2) whether the trial court gave a curative instruction; and (3) the weight of the evidence against the accused." *Tak Sun Tan v. Runnels,* 413 F.3d 1101, 1115 (9th Cir. 2005) (citing *Darden,* 477 U.S.168, 181-182; 106 S.Ct. 2464, 91 L.Ed.2d

08-0652 L (PCL)

7

144 (1986)).

Petitioner claims the prosecutor improperly questioned Burton regarding how many times she visited him in jail. The prosecutor did not commit error by trying to bring out the defense witness's possible bias. The prosecutor also did not commit misconduct by pointing out in closing argument that he and Washington were in the video, drinking, rapping, and committing burglaries together. A prosecutor may make vigorous arguments as long as it amounts to fair comment on the evidence, which can include reasonable inferences or deductions to be drawn therefrom. *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.ed.2d 1314 (1936); *People v. Williams*, 16 Cal.4th 153, 221, 940 P.2d 710, 66 Cal.Rptr.2d 123 (1997). The prosecutor was merely pointing out what was obvious from the videotape which showed the duo rapping about the guns they took during the burglaries. Moreover, the prosecutor was not vouching or providing his personal opinion when he argued in closing that the detective had no reason to lie.

> "It is not... misconduct to ask the jury to believe the prosecution's version of events as drawn from the evidence. Closing argument in a criminal trial is nothing more than a request, albeit usually lengthy and presented in narrative form, to believe each party's interpretation, proved or logically inferred from the evidence, of the events that led to the trial. It is not misconduct for a party to make explicit what is implicit in every closing argument...."

*People v. Huggins,* 38 Cal.4th 175, 206-207, 131 P.3d 995, 41 Cal.Rptr.3d 593 (2006). Petitioner's claims of prosecutorial misconduct are all plainly meritless.

Finally, petitioner, in ground eight of the Petition, argues that trial counsel was ineffective because she did not object to the prosecutor eliciting evidence from petitioner's parole officer that petitioner admitted to living at Troy Street where the some of the stolen property was recovered. The argument is plainly meritless. The Sixth Amendment to the United States Constitution guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). To prevail on a claim that his counsel rendered ineffective assistance, Petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Id.* at 688-93, 104 S. Ct. at 2064-68. *See also Yarborough v. Gentry*, 540 U.S. 1, 124 S. Ct. 1, 4 (2003) (per curiam) (the Sixth Amendment right "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby

prejudices the defense.") The first prong of the *Strickland* test -- deficient performance -- requires a showing that counsel's performance was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. A habeas reviewing court can neither second-guess counsel's decisions nor "'apply the fabled twenty-twenty vision of hindsight'" but, "rather, will defer to counsel's sound strategy." *Mortice v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001) (quoting *Strickland*). Petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (internal quotation marks and citation omitted); (even if an ineffective assistance claim is not subject to Section 2254 (d)(1) deference, the petitioner still must overcome the presumption that counsel's conduct might be considered sound trial strategy). Here, trial counsel did not object because it was the defense trial strategy that Petitioner was living at a half way house, and not on Troy Street, because he was on parole. Thus, Petitioner's status as a parolee was part of the defense, so trial counsel did not object to the prosecutor questioning the parole officer about Petitioner's status as a parolee. (Doc. 1-2 at 66-67.) Trial counsel was not deficient; the claim is plainly meritless.

This Court should decline to hold the Petition and First Amended Petition in abeyance because petitioner has not shown good cause why he did not exhaust his claims in the state court, and petitioner's unexhausted claims are "plainly meritless." None of these claims could have potential merit and would not justify allowing Petitioner to waste further resources by presenting them to the state court. Under *Rhines*, this case is not appropriate to be held in abeyance. Petitioner should be allowed to delete the unexhausted claims and to proceed with the exhausted claims. *Rhines*, 125 S. Ct. at 1535. Otherwise, the Petition should be dismissed.

**II.**

**PETITIONER HAS FAILED TO PRODUCE SUBSTANTIVE EVIDENCE OF INCOMPETENCE SUFFICIENT TO WARRANT AN INCOMPETENCY HEARING AND APPOINTMENT OF A GUARDIAN AD LITEM**

Petitioner requests a Guardian Ad Litem be appointed because he claims his incompetence and mental incapacity prevent him from pursuing the instant habeas Petition on his own. (Doc. 15,

at 3.)  Petitioner fails to produce substantial evidence of incompetence to warrant the court conducting a competency hearing and appointing a Guardian Ad Litem.  Petitioner's request should be denied.

In order to be entitled to a competency determination and appointment of a guardian ad litem, Petitioner must show substantial evidence of incompetence.  In order to obtain relief on a substantive incompetence claim, Petitioner must present evidence "sufficient to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to [his] mental capacity." *Watts v. Singletary*, 87 F.3d 1282, 1290 (11th Cir. 1996) (quoting *Bruce v. Estelle*, 483 F.2d 1031, 1043 (5th Cir. 1973)(overruled on another ground in *Zapata v. Estelle,* 585 F.2d 750 , 751-752 (5th Cir. 1978)).

The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed if needed.  *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989).  Counsel should be appointed for the limited purpose of representing Petitioner should a competency hearing be ordered.  *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

**A.     Petitioner's Evidence Of Incompetency**

In support for his request to have a guardian ad litem appointed, Petitioner claims that he suffers from depression. He takes sleeping medication which prevents him from sleeping. Petitioner also claims mental incapacity due to the previous ingestion of PCP and other drugs which have left him cognitively impaired. He also points out that he has never been legally trained. (Doc. 10 at 3-4.) Petitioner submitted his own declaration, a declaration by fellow inmate, M. Lindsey, as well as test results which show Petitioner to have a reading level at grade 1.7.  (Doc. 10 at 73.)

In his declaration, Petitioner claims that he only reads at a first grade level and does not understand legal procedure. He suffers from inadequate mental cognitive functioning due to his use of cocaine, PCP, marijuana, and paint sniffing.  (Doc. 10 at 5-6.)  M. Lindsey also submitted a declaration in which he asserts that he personally knows Petitioner within the "A" yard community, and knows that because of Petitioner's mental condition and lack of familiarity with the habeas

1  process, Petitioner is unable to proceed without proper assistance. (Doc. 10 at 7.)

2  In his First Amended Petition, Petitioner incorporates the Petition filed on April 1, 2008. Exhibit G of the Petition includes various mental health reports. An entry made on August 10, 2006, in the context of the Enhanced Outpatient Program (EOP), states that Petitioner's "intellectual abilities are low average with the suggestion of mild cognitive deficits, which may be substance induced." (Doc. 1-3 at 89, see also Doc. 1-3 at 97, 99.) A July 10, 2006 entry indicates that Petitioner's "intelligence is average and frank symptoms are reportedly resolved with his current regime." (Doc. 1-3 at 93.)

### B. Exhibits Submitted By Petitioner And Those Obtained By Respondent Do Not Provide Substantial Evidence Of Incompetency

A litigant is not entitled to appointed counsel in a federal postconviction proceeding, *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005), although a district court may appoint counsel if the interests of justice so require. 18 U.S.C. § 3006A (a)(2)(b).

Respondent submits that while Petitioner claims that he has a low reading level, and therefore cannot litigate his claims, the mental health interdisciplinary progress notes indicate otherwise. On February 14, 2008, he was referred for Developmentally Disabled Placement ("DDP") reevaluation. (Ex. 1 at 288.) Petitioner's teacher noted that Petitioner claimed he could not read and scored a 0.0 on a reading score. However, he had been observed by teachers, DDP officers and mental health staff reading, writing, typing, and working on legal papers. (Ex. 1 at 288.) B. Betz, Ph.D. interviewed Petitioner as part of the reevaluation, and Betz stated that "interview with inmate revealed vocabulary, knowledge base, and verbal reasoning skills well in excess of DDP qualifying inmate." (Ex. 1 at 288.) Betz also reviewed Petitioner's file which showed that Petitioner received a high school diploma without special education classes and received grades of A, B, and C. (Ex. 1 at 288, 289.) Betz also noted that Petitioner "worked culinary at RJDCF [the Richard J. Donovan Correctional Facility], that he had a driver's license, and he occupied a 'position of leadership' in his controlling case." (Ex. 1 at 288.) Based on this, Betz removed Petitioner from the Developmentally Disabled Program. (Ex. 1 at 288.) Petitioner's cognitive abilities have been

1 characterized as low average to average. (Ex. at 356, 361.) Contrary to Petitioner's assertions, he does not seem to suffer from mental illness or mental incapacity which prevents him from being able to understand and respond to court orders. As noted in Argument I above, Petitioner has been able to file numerous motions and petitions as a pro per. (Lodgments 1-2, 4-6.)

Further, Petitioner has failed to submit a declaration from a psychiatrist or psychologist stating that Petitioner's mental illness prevents him from being able to understand and respond to court orders. Although it is within this Court's discretion to conduct a competency hearing and appoint a Guardian Ad Litem to represent Petitioner, Respondent submits Petitioner has failed to provide sufficient evidence of incompetence to warrant a competency hearing, even if Petitioner suffers from some mental illness such as schizophrenia and depression. (Ex. 1 at 343, 345.) "Even a history of serious mental illness does not necessarily constitute substantial evidence of incompetence that would require a court to declare a doubt concerning a defendant's competence and to conduct a hearing on that issue". *People v. Blair*, 36 Cal.4th 686, 714, 31 Cal. Rptr. 3d 485, 115 P.3d 1145, 1162 (2005). In any event, in a interdisciplinary progress note from this year, the clinical psychologist noted that Petitioner's insight and judgment was good, oriented and at normal speed. There was also no evidence of acute psychosis at this time. (Ex. 1 at 343.)

Despite some notation of mental illness, Petitioner has failed to establish the mental illness prevents him from being able to understand and respond to this Court's orders. His request to be appointed a guardian ad litem should be denied.

**CONCLUSION**

Accordingly, Respondent submits that Petitioner's request to stay the proceedings and hold the federal petition in abeyance while he exhausts his claims in state court should be denied. Petitioner should be allowed to delete the unexhausted claims and proceed on the exhausted claims. Otherwise, the Petition should be dismissed. Petitioner has also failed to produce substantial evidence of incompetence to warrant the Court conducting a competency hearing and appointing a Guardian Ad Litem.

Dated: August 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

GARY W. SCHONS
Senior Assistant Attorney General

ANTHONY DA SILVA
Deputy Attorney General

s/ Arlene A. Sevidal

ARLENE A. SEVIDAL
Deputy Attorney General

Attorneys for Respondent

80272016.wpd
SD2008700476

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| STATEMENT OF THE CASE | 2 |
| ARGUMENT | 3 |
| I. THE PROCEEDINGS SHOULD NOT BE STAYED AND THE PETITION SHOULD NOT BE HELD IN ABEYANCE BECAUSE GOOD CAUSE DOES NOT EXIST WHY PETITIONER DID NOT EXHAUST THE CLAIMS IN STATE COURT AND THE UNEXHAUSTED CLAIMS ARE "PLAINLY MERITLESS" | 3 |
| II. PETITIONER HAS FAILED TO PRODUCE SUBSTANTIVE EVIDENCE OF INCOMPETENCE SUFFICIENT TO WARRANT AN INCOMPETENCY HEARING AND APPOINTMENT OF A GUARDIAN AD LITEM | 9 |
| A. Petitioner's Evidence Of Incompetency | 10 |
| B. Exhibits Submitted By Petitioner And Those Obtained By Respondent Do Not Provide Substantial Evidence Of Incompetency | 11 |
| CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allen v. Calderon*
408 F.3d 1150 (9th Cir. 2005) ........................................................................... 10

*Berger v. United States*
295 U.S. 78
55 S.Ct. 629
79 L.ed.2d 1314 (1936) .................................................................................... 8

*Brady v. Maryland*
10 L.Ed.2d 215
373 U.S. 83 S.Ct. 1194 (1963) ......................................................................... 5

*Bruce v. Estelle*
483 F.2d 1031 (5th Cir. 1973) .......................................................................... 10

*Darden v. Wainwright*
477 U.S. 168
106 S. Ct. 2464
91 L. Ed. 2d 144 (1986) ................................................................................... 7

*Donnelly v. DeChristoforo*
416 U.S. 637
94 S. Ct. 1868
40 L. Ed. 2d 431 (1974) ................................................................................... 7

*Drayden v. White,*
232 F.3d 704 (9th Cir. 2000) ............................................................................ 7

*Estelle v. McGuire*
502 U.S. 62
112 S.Ct. 475
116 L.Ed.2d 385 (1991) ................................................................................... 6

*Greer v. Miller*
(1987) 483 U.S. 756
107 S.Ct. 3102
97 L.Ed.2d 618 ................................................................................................. 7

*Greer v. Miller*
483 U.S. 756
107 S.Ct. 3102
97 L.Ed.2d 618 (1987) ..................................................................................... 7

*Jackson v. Virginia*
443 U.S. 307
99 S.Ct. 2781
61 L.Ed.2d 560 (1979) ..................................................................................... 6

**TABLE OF AUTHORITIES  (continued)**

**Page**

*James v. Giles*
221 F.3d 1074 (9th Cir. 2000) .................................................................................. 4

*Jefferson v. Budge*
419 F.3d 1013 (9th Cir. 2005) .................................................................................. 4

*Krain v. Smallwood*
880 F.2d 1119 (9th Cir. 1989) ................................................................................ 10

*Krain v.Smallwood*
880 F.2d 1119 (9th Cir. 1989) ................................................................................ 10

*Milton v. Wainwright*
407 U.S. 371
92 S.Ct. 2174
33 L.Ed.2d 1 (1972) .................................................................................................. 6

*Mortice v. Woodford*
255 F.3d 926 (9th Cir. 2001) .................................................................................... 9

*Passavanti v. Williams*
225 Cal.App.3d 1602
275 Cal.Rptr. 887 (1990) .......................................................................................... 3

*Pennsylvania v. Finley*
481 U.S. 551
107 S. Ct. 1990
95 L. Ed. 2d 539 (1987) ......................................................................................... 11

*People v. Blair*
36 Cal.4th 686
31 Cal. Rptr. 3d
115 P.3d 1145 (2005) ............................................................................................. 12

*People v. Huggins*
38 Cal.4th 175
131 P.3d 995
41 Cal.Rptr.3d 593 (2006) ....................................................................................... 8

*People v. Williams*
16 Cal.4th 153
940 P.2d 710
66 Cal.Rptr.2d 123 (1997) ....................................................................................... 8

*Poland v. Stewart*
169 F.3d 573 (9th Cir. 1999) .................................................................................. 7

*Powell v. Davis*
415 F.3d 722 (7th Cir. 2005) .................................................................................. 11

**TABLE OF AUTHORITIES  (continued)**

**Page**

*Rhines v. Weber*
544 U.S. 269
125 S. Ct. 1528
161 L.Ed.2d 440 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Rojes v. Riverside General Hospital*
203 Cal.App.3d 1151
250 Cal.Rptr. 435 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Rose v. Lundy*
455 U.S. at 510
102 S. Ct. 1198 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Strickland v. Washington*
466 U.S. 668
104 S. Ct. 2052 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Tak Sun Tan v. Runnels*
413 F.3d 1101 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Watts v.Singletary*
87 F.3d 1282 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Yarborough v. Gentry*
540 U.S. 1
124 S. Ct. 1 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Zapata v. Estelle*
585 F.2d 750 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Constitutional Provisions**

Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

18 U.S.C.
§ 3006A (a)(2)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

42 U.S.C.
§ 1320d (4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

California Evidence Code
§ 356 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES  (continued)**

**Page**

California Penal Code

| | |
|---|---:|
| § 459 | 2 |
| § 484 | 2 |
| § 496 (a) | 2 |
| § 654 | 6 |
| § 664 | 2 |
| § 667 (a)(1) | 2 |
| § 667 (b)- (i) | 2 |
| § 667.5 (b) | 2 |
| § 668 | 2 |
| § 1170.12 | 2 |
| § 1192.7 (c) | 2 |
| § 2254 (d)(1) | 9 |
| § 12021 (a)(1) | 2 |

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Joseph McDonald v. Warden Haws**

USDC Southern Court Case No.:   **08-0652 L (PCL)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 14, 2008, I served the attached **RESPONSE TO PETITIONER'S MOTION TO STAY THE PROCEEDINGS AND HOLD PETITIONER'S FEDERAL PETITION IN ABEYANCE AND TO APPOINT A GUARDIAN ADLITEM; NOTICE OF LODGMENTS; and MOTION TO SEAL ATTACHED DOCUMENTS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA  92186-5266, addressed as follows:

Joseph Hilton McDonald
#T01657
California State Prison
Los Angeles County
PO Box 4430
Lancaster, CA 93539
Pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 14, 2008, at San Diego, California.

|  Laura Ruiz  | *Laura Ruiz* |
|---|---|
|  Declarant  | Signature |

80272084.wpd