UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH HILTON MCDONALD**, Petitioner, **v.** **E. B. HAAWS**, Warden, Respondent. | CASE NO. 08cv652 L (PCL) **ORDER:** **GRANTING PETITIONER'S MOTION TO STAY THE PROCEEDINGS AND HOLD PETITION IN ABEYANCE (Doc. 6);** **DENYING MOTION TO APPOINT GUARDIAN AD LITEM (Doc. 8).** |

**INTRODUCTION**

On April 1, 2008, Petitioner Joseph Hilton McDonald ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. 1.) On April 17, 2008, the Court dismissed the Petition without prejudice for failure to allege exhaustion of state judicial remedies and for failure to use the proper petition form. (Doc. 3.) On May 19, 2008, Petitioner filed a First Amended Petition for the Writ of Habeas Corpus ("FAP"). (Doc. 4.) On that same day, Petitioner also filed a Motion to Hold Federal Habeas Petition in Abeyance ("Motion to Stay and Abey") and a Motion to Appoint Guardian ad Litem ("Motion for Guardian ad Litem"). (Docs. 6 and 8,

respectively.) On August 14, 2008, Respondent filed a response in opposition to Petitioner's Motions. (Doc. 11.) On August 28, 2008, Petitioner filed a reply to Respondent's opposition. (Doc. 12.) For the reasons set forth below, the Court GRANTS Petitioner's Motion to Stay and Abey and DENIES Petitioner's Motion for Guardian ad Litem.

**BACKGROUND**

Petitioner was convicted of three counts of first degree burglary (Cal. Pen. Code, §§ 459, 460); attempted first degree burglary (§§ 459, 460, 664); petty theft with a prior (§§ 484, 666); possession of stolen property (§ 496(a)); and possession of a firearm by a felon (§12021(a)(1)). (Doc. 1-3, at 26.) Petitioner filed a direct appeal to the California Court of Appeal, arguing that reversal was required because the photographic lineup used to identify him was impermissibly suggestive; the court erred in admitting impeachment evidence; ineffective assistance of counsel in failing to object to the impeachment evidence; an enhancement should have been stricken; and the abstract of judgment needs to be corrected. (Id. at 27.) The state appellate court found merit in the last two contentions but otherwise affirmed the judgment. (Id.) Petitioner then filed a Petition for Review in the California Supreme Court, which was summarily denied on March 28, 2007. (Doc. 1-3, at 49.) The judgment became final on June 27, 2007, and AEDPA's one-year statute of limitations expired on June 27, 2008.

Petitioner filed the Petition together with a request to proceed in forma pauperis ("IFP") in the United States District Court for the Central District of California on April 1, 2008. (Doc. 1.) Thereafter, the case was transferred to the United States District Court for the Southern District of California on April 9, 2008. In his Petition, Petitioner presented ten grounds for judicial review. This Court denied the IFP motion and dismissed the Petition with leave to amend. (Doc. 3.) On May 19, 2008, Petitioner filed his FAP, presenting two grounds for federal relief: 1) that the trial court erred in allowing an impermissibly suggestive lineup photograph used to identify the Petitioner; and 2) that the trial court erred in allowing use of letters to impeach his witness in violation of Brady v. Maryland, 373 U.S. 83

(1963), and Evidence Code section 352. (Doc. 4, at 6-7.) Petitioner filed an IFP, which was granted by this Court on May 21, 2008. (Doc. 7.)

**DISCUSSION**

Petitioner seeks an order for Motion to stay the proceedings and hold the FAP, which includes two exhausted claims, in abeyance, while he exhausts his state court remedies for the rest of his claims presented in his original Petition. Petitioner also seeks an order granting his request for a competency hearing and appointment of a Guardian ad Litem. Respondent argues that the Court should deny Petitioner's Motion to Stay and Abey because Petitioner presents a mixed petition and has not made a showing of good cause for failure to exhaust all his claims. (Doc. 11, at 2.) Additionally, Respondent alleges that Petitioner's claims are without merit, and the court should deny the stay of the proceedings accordingly. (Id.) Respondent also contends that the Petitioner has not offered sufficient evidence to warrant a competency hearing and that the court should deny Petitioner's Motion for Guardian ad Litem. (Id. at 2-3.)

**A. Motion to Stay and Abey**

A petitioner must exhaust available state court remedies before a federal court can adjudicate a habeas petition brought pursuant to § 2254. 28 U.S.C. § 2254(b); Ex parte Hawk, 321 U.S. 114, 117 (1944). The Supreme Court has found that a "mixed petition," or a petition that included both exhausted and unexhausted claims, is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 510 (1982). With regard to a fully-exhausted petition, the Ninth Circuit has found that a district court has the authority to issue a stay and abeyance to allow the petitioner to exhaust other unlisted claims in state court. See Calderon v. United Dist. Court, 134 F.3d 981, 988 (9th Cir. 1988). A stay is "particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA][1]." Jackson v. Roe, 425 F.3d 654, 659

[1] Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244.

(9th Cir. 2005) (quoting Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003)). Although district courts are given broad discretion to grant a stay when dealing with fully exhausted petitions, the Ninth Circuit has indicated that the exercise of such discretion is still subject to certain limits. For example, in Calderon, the Ninth Circuit determined that a district court could not indefinitely stay proceedings pending exhaustion in state court or "hold in abeyance the application of a petitioner who merely sought to stall the habeas [proceedings]." Calderon, 134 F.3d at 988 n.11.

Here, Petitioner's FAP is clearly a fully exhausted petition, with the two presented claims having been presented to and ruled on by the state appellate court and the California Supreme Court. (Doc. 1-3, at 26-47.) The Court thus has broad discretion to grant a stay of the proceedings. A denial of a stay ultimately may prohibit Petitioner from bringing some of his unlisted claims in a federal habeas petition. As the Ninth Circuit intimated in Jackson, a stay is clearly appropriate "when valid claims would otherwise be forfeited." Jackson, 425 F.3d at 659 (quoting Kelly, 315 F.3d at 1070). It is clear that Petitioner's unexhausted claims brought forth in his original petition arises from the same operative facts as presented in his FAP. (See Doc. 1.) Furthermore, Petitioner has already filed a habeas petition for review of his unlisted, unexhausted claims, which are pending before the California Supreme Court. (Doc. 6, at 17.) Thus, in the interests of efficiency and avoiding piece-meal litigation, this Court is best served by staying the proceedings and holding in abeyance the exhausted claims in his FAP and allowing Petitioner to return to federal court and seek leave to amend to add on the additional claims once exhausted.

The Court GRANTS Petitioner's motion for a stay and abeyance and ORDERS the Petition for Writ of Habeas Corpus stayed until 30 days following entry of final judgment by the California Supreme Court.

**B. Motion for Guardian ad Litem**

Petitioner requests that a Guardian ad Litem be appointed "should the court deny [the] motion to

stay and abey[].” (Doc. 6, 1.) Pursuant to the Court’s order staying Petitioner’s FAP, this Court finds that the Guardian ad Litem issue is not ripe for adjudication. This Court’s decision on Petitioner’s Motion for Guardian ad Litem is contingent on Petitioner’s return before this Court upon exhaustion of his state remedies – a contingency that is highly likely, but not for the Court to presume. The Supreme Court has held that a “claim is not ripe for adjudication if it rests upon ‘contingent future events that may not occur anticipated, or indeed may not occur at all.’” Tex. v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prod. Co., 473 U.S. 568, 580-81 (1985)). Hence, because Petitioner’s claims are held in abeyance pending exhaustion of additional claims, a decision as to a Guardian ad Litem is not appropriate at this time. Therefore, this Court denies Petitioner’s Motion for Guardian ad Litem.

**CONCLUSION**

The Court GRANTS Petitioner’s Motion for a stay of the proceedings and holds in abeyance Petitioner’s FAP. The Court ORDERS the Petition for Writ of Habeas Corpus stayed until 30 days following entry of final judgment by the California Supreme Court. The Court also DENIES Petitioner’s Motion for Guardian ad Litem.

IT IS SO ORDERED.

DATED: December 1, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: Judge Lorenz; all parties