1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| **JOSEPH HILTON MCDONALD**, Petitioner, | CASE NO. 08cv652 L (PCL) |
| **v.** | **ORDER:** |
| **E. B. HAAWS**, Warden, Respondent. | **GRANTING MOTION TO SEAL DOCUMENTS (Docs. 11 and 20);** |
| | **DENYING MOTION TO APPOINT GUARDIAN AD LITEM (Doc. 16); and** |
| | **SETTING BRIEFING SCHEDULE.** |

12
13
14
15
16
17
18
19

**INTRODUCTION**

20

On January 1, 2009, Petitioner Joseph Hilton McDonald ("Petitioner"), a state prisoner

21

proceeding pro se, filed a Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

22

2254 ("Petition"). (Docs. 15 and 16.)  Through the assistance of a fellow prisoner, Petitioner also filed a

23

renewed motion requesting a guardian ad litem.  (Doc. 16.)  Respondent filed a response requesting that

24

the Court deny Petitioner's motion based on two exhibits, Exhibit A and Exhibit 1, containing

25

Petitioner's medical history.[1]  (Docs. 11 and 20.)

26
27
28

[1] Respondent requested that Exhibit A and Exhibit 1 be filed under seal.  The motion is GRANTED.

1

As set forth below, the Court DENIES the motion to appoint a guardian ad litem and SETS the briefing schedule for Petitioner's Second Amended Petition.

## BACKGROUND

Petitioner was convicted of three counts of first degree burglary (Cal. Pen. Code, §§ 459, 460); attempted first degree burglary (§§ 459, 460, 664); petty theft with a prior (§§ 484, 666); possession of stolen property (§ 496(a)); and possession of a firearm by a felon (§12021(a)(1)).  (Doc. 1-3, at 26.) Petitioner filed a direct appeal to the California Court of Appeal, arguing that reversal was required because the photographic lineup used to identify him was impermissibly suggestive; because the court erred in admitting impeachment evidence; because of ineffective assistance of counsel in failing to object to the impeachment evidence; because an enhancement should have been stricken; and because the abstract of judgment needs to be corrected. (Id. at  27.)  The state appellate court found merit in the last two contentions but otherwise affirmed the judgment.  (Id.)  Petitioner then filed a Petition for Review in the California Supreme Court, which was summarily denied on March 28, 2007.  (Doc. 1-3, at 49.)  The judgment became final on June 27, 2007, and AEDPA's one-year statute of limitations expired on June 27, 2008.

Petitioner filed the Petition together with a request to proceed in forma pauperis ("IFP") in the United States District Court for the Central District of California on April 1, 2008.  (Doc. 1.) Thereafter, the case was transferred to the United States District Court for the Southern District of California on April 9, 2008.  In his Petition, Petitioner presented ten grounds for judicial review.  This Court denied the IFP motion and dismissed the Petition with leave to amend. (Doc. 3.)  On May 19, 2008, Petitioner filed his FAP, presenting two grounds for federal relief: 1) that the trial court erred in allowing an impermissibly suggestive lineup photograph used to identify the Petitioner; and 2) that the trial court erred in allowing use of letters to impeach his witness in violation of Brady v. Maryland, 373 U.S. 83 (1963), and Evidence Code section 352.  (Doc. 4, at 6-7.)  Petitioner filed an IFP, which was

08-0652 L

granted by this Court on May 21, 2008.  (Doc. 7.)  On July 7, 2008, Petitioner filed a motion to stay proceedings while Petitioner exhausted his remedies in state court and a motion to appoint a guardian ad litem.  (Doc. 10.)  The Court granted the motion to stay and denied the motion to appoint a guardian ad litem as untimely.  (Doc. 13.)

Following exhaustion in the California Supreme Court, Plaintiff filed his Second Amended Petition on January 12, 2009.  (Docs. 15 and 16.)  In it, he makes a total of 11 claims: 1) that the trial court erred in allowing use of letters to impeach his witness in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and Evidence Code section 352; 2) that there was insufficient evidence to convict him re: the Havern burglary; 3) that there was insufficient evidence to convict him re: the Borrego burglary; 4) that his consecutive sentence for his ex-felon in possession of a firearm conviction was in error and in violation of Penal Code section 654; 5) that the admission of inflammatory gang evidence violated his due process rights; 6) that his right to due process was violated due to the prosecutor's cross examination of defense witnesses; 7) that his rights were violated due to the revelation of his incarceration status to the jury by the prosecutor and the trial judge; 8) ineffective assistance of counsel; 9) that errors resulting from ineffective assistance of defense counsel contributed to the cumulative effect of prosecutorial misconduct in the use of said errors; 10) that the trial court failed to provide sua sponte instruction regarding the lack of any substantial evidence connecting Petitioner with the crimes; and 11) that the trial court erred in not conducting a Marsden hearing and not reappointing Public Defender Stacy Gulley.  (Docs. 16, 16-2, 16-3, 16-4.)

Petitioner also asked the Court to appoint a guardian ad litem because he contends that he is mentally incompetent, that he is unable to maintain the petition on his own without assistance due to having the intellectual capacity of a first grader, and that being on the antipsychotic drug Abilify to treat hearing voices inside his head renders him incapable of understanding his legal options.  (Doc. 16, at 6-7.)  In support of this motion, Petitioner submitted the declaration of fellow prison inmate M. Lindsey, a

08-0652 L

school-trained paralegal, who stated that Petitioner was incapable of litigating his own case.  (Doc. 16, at 10-11.)  Petitioner also submitted his own declaration stating that he is under the care of a psychiatrist and that he is mentally unstable and incapable of litigating his case.  (Id. at 8.)  Respondent argued that Petitioner failed to produce substantial evidence of incompetence sufficient to warrant an incompetency hearing and appointment of a guardian ad litem.  (Doc. 20.)  Respondent filed two large documents under seal that contain Petitioner's medical records received from California State Prison, Los Angeles County.  (Doc. 11, Exhibit 1; Doc. 20, Exhibit A.)

Based on information residing in Exhibit 1 which was submitted in Petitioner's original motion for guardian ad litem, Respondent argued that although Petitioner claimed that he has a low reading level, the mental health interdisciplinary progress notes indicate otherwise.  For example, on February 14, 2008, Petitioner was removed from Developmentally Disabled Placement (DDP) status because he had been observed reading, writing, typing, and working on legal papers and "revealed [to interviewer B. Betz, Ph.D] vocabulary, knowledge base, and verbal reasoning skills well in excess of DDP qualifying inmate."  (Doc. 11, Exhibit 1, at 288.)  In the decision, Dr. Betz noted that Petitioner received a high school diploma without special education classes, "worked culinary at RJDCF, [] had a driver's license, and [] occupied a 'position of leadership' in his controlling case."  (Id. at 288, 289.)   His psychologist noted that Petitioner, who had in the past at least one episode of schizophrenia, had appropriate effect, good insight and judgment, oriented, normal speech, no suicidal or homicidal ideation, and no evidence of acute psychosis.  (Id. at 343.)  Respondent also submitted as Exhibit A Petitioner's mental health records updated since the original motion for guardian ad litem was filed.  (Doc. 20, Exhibit A.)  The updated records indicated that Petitioner had been prescribed Abilify (an antipsychotic) on January 28, 2009 and subsequent times thereafter.  (Id. at 1.)  According to his psychologist following the start of treatment, Petitioner "appeared less sad and confused than prior meetings.  His eyes and face were clear.  He made appropriate eye contact.  His speech was soft and

08-0652 L

conversation reciprocal." (Id. at 5.)  However, the psychologist noted that he remained depressed and "appear[ed] to be suffering from the sequelae of trauma he reportedly experienced earlier in his life." (Id.)  Petitioner nonetheless assured the psychologist, "I'll be alright." (Id.)  The following week, Petitioner was seen by a psychiatrist, Dr. Robert Elstad.  (Id. at 5.)  Petitioner asked him, "Can I get some Abilify for my depression?" (Id. at 6.)  Petitioner also said that he feels depressed each day lasting until dinnertime.  (Id.)  Dr. Elstad explained to him that Abilify is not an antidepressant and noted that he was cooperative, rational, personable, well groomed, and more animated with no tremor.  (Id.)  His symptoms were described as "mild."  (Id.)  He diagnosed him with a psychosis not otherwise specified and continued his prescription of Abilify and added Prozac, an antidepressant.  (Id.)  The week after that, Petitioner attended a prison program activity on understanding behavior.  (Id. at 3.)  Traci Springs, a licensed psychologist, noted that he "attended and participated appropriately in group." (Id.)

## STANDARD OF REVIEW

The Ninth Circuit has held that where a petitioner submits "substantial evidence" of his incompetence, the District Court should hold a competency hearing to determine whether a petitioner is "competent under an appropriate standard for habeas petitioners." Allen v. Calderon, 408 F.3d 1150, 1153-54 (9th Cir. 2005).  Although the Ninth Circuit did not specify what constitutes "substantial evidence" of incompetence, it did give some guidance.  In Allen, the petitioner submitted his own sworn declaration and a declaration from a fellow inmate which stated that Allen was mentally impaired and did not understand the Court's orders.  Id. at 1151. He also submitted a letter from a prison psychiatrist who stated that Allen was in the Enhanced Outpatient Program at the prison, had been "diagnosed with Chronic Undifferentiated Schizophrenia and [was] taking two psychotropic medications." Id. at 1151-52.  In support of a motion for appointment of counsel filed approximately two weeks later, the petitioner explained that he suffers from a "'debilitating mental illness that requires a course of treatment that includes the use of various psychotropic medications'" and that "[h]is mental condition

and the side-effects associated with the prescribed medications severely [hinder] his ability to comprehend or correctly respond to the determinations and Orders made by the Court.'" Id. at 1152. The Ninth Circuit concluded that this was sufficient to require the District Court to make a determination as to Allen's competency by appointing counsel and conducting a competency hearing. Id. at 1153-54.  However, the Ninth Circuit has also signaled that showing a history of serious mental illness is not enough by itself to constitute substantial evidence of incompetence requiring a court to conduct a competency hearing on that issue.  See West v. Brown, 197 Fed. Appx. 625, 628 (9th Cir. 2006); Travalini v. People of California, 2006 WL 842435, at *3 (E.D. Cal. March 28, 2006).

**DISCUSSION**

Here, Petitioner has not shown substantial evidence of incompetence to justify holding a competency hearing.  Unlike in Allen, Petitioner has not demonstrated that he suffers from a debilitating mental illness like Chronic Undifferentiated Schizophrenia that would hinder severely his ability to comprehend or correctly respond to the Court.  Although Petitioner has been prescribed an antidepressant drug and an antipsychotic drug to help deal with hearing voices inside his head stemming from trauma experienced earlier in his life, he has been diagnosed with a psychosis not otherwise specified and his symptoms are described as "mild."  Petitioner has admitted to his psychiatrist that his depression only lasts until dinnertime.  He has been observed by his psychiatrist as being cooperative, rational, personable, animated, and well groomed while on the drug Abilify.  Petitioner's psychologist has noted that following the start of treatment Petitioner "appeared less sad and confused than prior meetings.  His eyes and face were clear.  He made appropriate eye contact.  His speech was soft and conversation reciprocal."  He has continued to participate in group activities with the prison.  Although Petitioner, both in his original motion for guardian ad litem and in the instant motion, claims that he has the intellectual capacity of a first grader, he has graduated from high school and has been removed from Developmentally Disabled Placement (DDP) status in prison because he had been observed reading,

08-0652 L

writing, typing, and working on legal papers and revealed vocabulary, knowledge base, and verbal

reasoning skills well in excess of DDP qualifying inmate.  Even while taking medication for his

psychosis, Petitioner has appeared to be rational and coherent.  In sum, Petitioner has not provided any

evidence that his mental instability or his drug treatment have rendered him unable to litigate this case.

The evidence put forward by Petitioner and his medical records made available by Respondent do not

establish substantial evidence of incompetence.

### CONCLUSION

The Court GRANTS Respondent's motion that Exhibit A and Exhibit 1 be filed under seal.  The

Court DENIES Petitioner's Motion for a guardian ad litem.  In accordance with Rule 4 of the rules

governing petitions from a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **IT IS FURTHER**

**ORDERED** that:

1.  The Clerk of this Court shall promptly (a) serve a copy of the Second Amended Petition and a

copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b)

serve a copy of this Order on Petitioner.

2.  If Respondent contends the Petition can be decided without the Court's reaching the merits of

Petitioner's claims, Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing

§ 2254 Cases no later than **July 15, 2009**.  The motion to dismiss shall not address the merits of

Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal

without reaching the merits of Petitioner's claims is warranted.  At the time the motion to dismiss is

filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this

regard.   A hearing date is not required for the motion to dismiss.

3.  If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the

motion no later than **August 12, 2009**.  At the time the opposition is filed, Petitioner shall lodge with the

08-0652 L

Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

4. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

5. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>as well as points and authorities in support of such answer</u>, no later than **August 7, 2009**. At the time the answer if filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned **"Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case – To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, order or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

6. Petitioner may file a traverse to matters raised in the answer no later than **September 11, 2009**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; and (c) shall not raise new grounds for relief that were not asserted in the FAP. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7. A request by a party for an extension of time within which file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only up on showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

8. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

08-0652 L

9.  Every document delivered to the Court must include a certificate of service attesting that copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and disregarded by the Court.

10.  Petitioner shall immediately notify the court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

IT IS SO ORDERED.

DATED: June 15, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: Judge Lorenz; all parties

08-0652 L