UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HILTON McDONALD,<br><br>    Petitioner,<br><br>v.<br><br>E.B. HAAWS,<br><br>    Respondent. | Civil No. 08cv652 L(PCL)<br><br>**ORDER DENYING AS PREMATURE APPLICATION FOR CERTIFICATE OF APPEALABILITY [doc. #46]** |

On February 24, 2011, petitioner Joseph Hilton McDonald, a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254, filed a notice of appeal and an application for a certificate of appealability. [doc. nos. 45, 46]. Both documents are premature.

This action was referred to United States Magistrate Judge Peter C. Lewis for a report and recommendation ("Report") under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72. On February 8, 2011, Magistrate Judge Lewis filed his Report which ordered in part that:

> no later than February 25, 2011 any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

Report at 60.

A magistrate judge may not enter a dispositive order under 28 U.S.C. § 636. Instead, the statute provides that dispositive matters may be referred to a magistrate judge but the magistrate judge must submit a report and recommendation to the assigned district court judge for

determination of the dispositive motion. This is also noted in Federal Rule of Civil Procedure 72(b):

> (b) Dispositive Motions and Prisoner Petitions.
> (1) Findings and Recommendations. A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.
> (2) Objections. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
> (3) Resolving Objections. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Accordingly, a time must be provided for the parties to file objections to the Report as petitioner has been in this case. Once the time has past for the filing of objections, a district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. FED. R. CIV. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." FED. R. CIV. P. 72(b)(3). But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), *cert denied*, 540 U.S. 900 (2003)); *see also Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Rather than file timely objections to the Report, petitioner filed a notice of appeal and application for a certificate of appealability. But the district court has not yet considered the magistrate judge's recommendation found in the Report. Because there is no appealable order

filed, the appeal is premature. Petitioner is also advised that the question of whether a Certificate of Appealability should issue will be determined at the time the Court accepts, rejects or modifies the recommended disposition of the magistrate judge; therefore, petitioner is not required to apply for the Certificate of Appealability.

It appears petitioner, who is appearing *pro se*, has misunderstood the requirement of filing objections prior to the district court reviewing the Report and entering a dispositive order from which an appeal may be taken. Petitioner therefore will be given additional time in which to file objections prior to the district court's review of the Report.

Based on the foregoing, **IT IS ORDERED:**

1. Petitioner's application for a certificate of appealability is **denied** as premature; and

2. Petitioner is **granted** an extension of time in which to file objections to the magistrate judge's Report and Recommendation filed on February 8, 2011. **Any objections to the Report and Recommendation shall be filed and served on opposing counsel on or before March 28, 2011.**

**IT IS SO ORDERED.**

DATED: February 28, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL