UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH McDONALD,<br><br>                                    Plaintiff,<br><br>         v.<br><br>MATTHEW CATE,<br><br>                                    Defendant. | Civil No.   08cv652-CAB (PCL)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 44]; (2) REJECTING PETITIONER'S OBJECTIONS [Doc. No. 50]; (3) DENYING THE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 15]; and (4) DENYING CERTIFICATE OF APPEALABILITY** |

Joseph Hilton McDonald ("Petitioner"), is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] This matter was referred to United States Magistrate Judge Peter C. Lewis pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Lewis issued a Report and Recommendation ("Report") recommending the Court deny the petition. [Doc. No. 44.] Petitioner filed objections to the Report. [Doc. No. 50.]

Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition.  For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Second Amended Petition for writ of habeas corpus; and (4) denies a certificate of appealability.

## BACKGROUND

**I. Factual Background**

The Report contains an accurate recital of the facts as determined by the California Court of

Appeal, and the Court fully adopts the Report's state of facts.  As the magistrate judge correctly noted, the Court presumes state court findings of fact to be correct.

**II.  State Procedural Background**

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

**III.  Federal Procedural Background**

On January 12, 2009, Petitioner filed a Second Amended Petition challenging his San Diego County Superior Court convictions. [Doc. No. 15 and 16.] Respondent filed an Answer to the Second Amended Petition, and lodged portions of the state court record. [Doc. No. 37.] Petitioner filed a Traverse. [Doc. No. 40.]

On February 8, 2011, Magistrate Judge Peter C. Lewis issued a Report recommending that the Second Amended Petition be denied. [Doc. No. 44.] On March 23, 2011, Petitioner filed an Objection to the Report. [Doc. No. 50.] In his objection, Petitioner argues that the magistrate judge erred in finding that the state court did not make an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence.  Petitioner also requests an evidentiary hearing.  Because Petitioner has objected to the Report in its entirety, the Court reviews the Report *de novo.*  28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

**DISCUSSION**

**I.     Legal Standard**

The Report sets forth the correct standard of review for a petition for writ of habeas corpus. Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2)

"confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), habeas relief is not available due to a state court's "unreasonable determination of the facts" unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable).

**II. Petitioner's Request for an Evidentiary Hearing**

In his Second Amended Petition, Petitioner requests an evidentiary hearing. Section 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir.1999). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

As the magistrate judge correctly noted, it does not appear that Petitioner developed the factual basis of the claims in state court or requested an evidentiary hearing in state court. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law."). Moreover, there is a sufficient factual basis in the record to resolve Petitioner's claims. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 669-670 (9th Cir. 2005). Finally, the magistrate judge correctly deferred to the state court findings of fact. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct" and a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."). Petitioner does not challenge the accuracy of any

particular facts as set forth by the appellate court or explain what facts he would seek to develop at a hearing. The Court therefore **DENIES** Petitioner's request for an evidentiary hearing.

### III. Analysis of Petitioner's Claims

Petitioner raises twelve claims in his Second Amended Petition: (1) the prosecutor's use of love letters to impeach a defense witness violated Petitioner's right to due process and rendered his trial fundamentally unfair [Doc. No. 15 at 6]; (2) there was insufficient evidence presented to support his conviction on Count 1, the Havern burglary [Doc. No. 15 at 7; Doc. No. 16-1 at 26-35]; (3) there was insufficient evidence presented to support his conviction for the burglary of the Borrego residence [Doc. No. 15 at 8; Doc. No. 16 at 4; Doc. No. 16-1 at 36-42; Traverse at 28]; (4) the consecutive sentences imposed by the trial court for the Meza burglary (where the guns were stolen) and for being a felon in possession of a firearm should have been stayed pursuant to California Penal Code section 654 [Doc. No. 16-1 at 43-47]; (5) his Fifth and Fourteenth Amendment due process and fair trail rights were violated by the admission of testimony regarding gang membership [Doc. No. 16-1 at 48, 62, 65; Doc. No. 16-2 at 3; Doc. No. 40 at 34-36]; (6) the videotape found in the Havern's stolen video camera was admitted in violation of California Evidence Code section 356 and the admission violated his federal due process rights [Doc. No. 16-2 at 4-37, 41-44]; (7) the prosecutor committed misconduct when he revealed to the jury via questioning of various witnesses that he was incarcerated during the trial [Doc. No. 16-2 at 80-85]; (8) the prosecutor committed several acts of misconduct [Doc. No. 16-2 at 51-76]; (9) Petitioner's counsel was ineffective [Doc. No. 16-2 at 77-85, Doc. No. 16-3 at 1-3; Doc. No. 16-2 at 77-83, 84-85, Doc. No. 16-3 at 1-3; Doc. No. 16-2 at 83-84]; (10) the cumulative effect of the evidentiary errors and ineffective assistance of counsel which occurred at his trial rendered it unfair [Doc. No. 16-3 at 4-7]; (11) his federal due process rights were violated by the state court's failure to *sua sponte* instruct the jury on the need for corroboration of an accomplice's testimony in order to convict him [Doc. No. 16-3 at 8-11], and the jury was improperly instructed [Doc. No. 16-3 at 11-16]; (12) the trial court impermissibly denied his right to substitute counsel when it relieved his retained counsel, then reappointed her without holding a *Marsden* hearing [Doc. No. 16-3 at 17-19].

**A. Claim One: Use of love letters**[1]

Petitioner claims that the prosecutor's use of love letters to impeach a defense witness violated Petitioner's right to due process and rendered his trial fundamentally unfair. [Doc. No. 15 at 6.] As the magistrate judge correctly notes, to the extent Petitioner is claiming a violation of state evidentiary or discovery law, he is not entitled to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, Petitioner has not shown that "the admission of the evidence so fatally infected the proceedings as to render them fundamentally unfair." *Jammal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) (citing *Keolohapauole v. Shimoda*, 800 F.2d 1463, 1465 (9th Cir. 1986)). Nor did Petitioner show a *Brady* violation. *See Brady v. Maryland,* 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667, 676, 678 (1985); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Benn v. Lambert*, 283 F.3d 1040, 1052-53 (9th Cir. 2002)(citations omitted). Accordingly, the Court adopts the Report and denies the petition as to this claim.

**B. Claim Two: Sufficiency of the Evidence for Havern Burglary**

Petitioner claims that there was insufficient evidence presented to support his conviction on Count 1, the Havern burglary. [Doc. No. 15 at 7; Doc. No. 16-1 at 26-35.] In his objections, Petitioner notes that the magistrate judge acknowledged that the evidence against Petitioner was "circumstantial and not overwhelming." [Doc. No. 44 at 17.] Petitioner argues that this means that "the Proof was not beyond a reasonable doubt that Petitioner committed that crime." [Doc. No. 50 at 3.] However, the fact that the evidence was circumstantial and limited does not mean that guilt was not proven beyond a reasonable doubt. First, circumstantial evidence can be used to prove any fact. *See United States v. Ramirez-Rodriguez*, 552 F.2d 883, 884 (9th Cir. 1977) ("Circumstantial and testimonial evidence are indistinguishable insofar as the jury fact-finding function is concerned"). In determining whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt, a reviewing court must view the evidence in the light most favorable to the prosecution and presume the trier of fact resolved all conflicts in the evidence in favor of the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Here, there was sufficient evidence that could lead a rational jury to conclude that Petitioner and Washington were committing a series of burglaries, including the one at the Havern residence. That

---

[1] Petitioner does not set forth any particular objections to this section of the Report.

1  evidence included: the presence of items stolen from the Havens in McDonald's car [RT 481-82, 484,
2  486, 1611], the presence of items stolen from the Havens in the apartment McDonald shared with
3  Washington and Burton [RT 106-08, 358-59, 370-71, 451-52, 469, 471, 487, 489-90, 706], and the
4  discovery of Washington's fingerprints at the Havern residence [RT 498].  Accordingly, the Court
5  rejects the Petitioner's objections, adopts the Report and denies the petition as to this claim.

   **C.  Claim Three**

   Petitioner argues that there was insufficient evidence presented to support his conviction for the burglary of the Borrego residence.  [Doc. No. 15 at 8; Doc. No. 16 at 4; Doc. No. 16-1 at 36-42; Traverse at 28.] In his objections, Petitioner argues that the evidence did not show beyond a reasonable doubt that Petitioner was the second "shorter" person seen by the witness to the Borrego burglary. [Doc. No. 50 at 4-5.] As noted by the magistrate judge, however, there was sufficient evidence to lead a rational jury to conclude that Washington and Petitioner burglarized Borrego's residence together. *See Juan H. v. Allen*, 408 F. 3d 1262, 1275 (9th Cir. 2005).  Borrego's neighbor testified that around noon on October 15, 2003, he saw a five-foot-eight- or -nine-inch tall Black male with tightly braided hair with beads in it on the side of Borrego's house. [RT 89-91, 101, 321].  The neighbor also saw the man with the braids meet a shorter man and saw the two leave in McDonald's car. [RT 92-93, 482.] The neighbor took down the license plate of the car. [RT 322.]  When Borrego returned home later that day, he found the window from his daughter's bedroom on her bed and the exterior screen for the window on the outside walkway.  [RT 325.] Nothing was missing from inside the house. [RT 329.] Borrego called police and gave them the license plate number his neighbor had given him. [RT 329.]  The car was later found to belong to McDonald [RT 481-483], and a search warrant revealed items from other burglaries. [RT 452-53.] Finally, after his arrest, Washington implicated himself and Petitioner in the burglary. [RT 1605.]  Accordingly, the Court rejects the Petitioner's objections, adopts the Report and denies the petition as to this claim.

   **C.  Claim Four**

   Petitioner argues that the consecutive sentences imposed by the trial court for the Meza burglary (where the guns were stolen) and for being a felon in possession of a firearm should have been stayed

pursuant to California Penal Code section 654. [Doc. No. 16-1 at 43-47.][2] As noted by the magistrate judge, to the extent Petitioner is claiming a violation of state law, he is not entitled to federal habeas relief. *Estelle*, 502 U.S. at 67-68. Moreover, the magistrate judge is correct that the consecutive sentences do not violate the Double Jeopardy Clause of the Fifth Amendment, because burglary and felon in possession of a firearm require proof of different facts. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Finally, given that there was no violation of California Penal Code section 654, failure to object to the consecutive sentences cannot be a basis for a claim for ineffective assistance of counsel. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000). Accordingly, the Court adopts the Report and denies the petition as to this claim.

### D. Claim Five

Petitioner argues that his Fifth and Fourteenth Amendment due process and fair trial rights were violated by the admission of testimony regarding gang membership. [Doc. No. 16-1 at 48, 62, 65; Doc. No. 16-2 at 3; Doc. No. 40 at 34-36.] In his objections, Petitioner argues that this testimony was prejudicial and irrelevant because this was not a gang case. [Doc. No. 50 at 6-7.] As noted by the magistrate judge, much of Petitioner's argument relies on alleged violations of California Evidence Code sections 351, -354, which cannot be the basis of a federal habeas claim. *Estelle*, 502 U.S. at 67-68. Moreover, there is no showing that the state court's alleged evidentiary error "so fatally infected the proceedings as to render them fundamentally unfair." *Jammal*, 926 F.2d at 919. The prosecutor was properly permitted to ask Washington about what "homie" meant, what "C.K." stood for and what, if any, connections he had with gangs in order to show that Washington was lying about McDonald's involvement in the crimes. [RT 786-798.] Detective Hartman's testimony about Washington admitting he was a gang member was also properly introduced to impeach Washington's credibility. [RT 1610-1611.] Accordingly, the Court rejects the Petitioner's objections, adopts the Report and denies the petition as to this claim

### E. Claim Six

Petitioner argues that the videotape found in the Havern's stolen video camera was admitted in violation of California Evidence Code section 356 and the admission violated his federal due process

---

[2] Petitioner does not set forth any particular objections to this section of the Report.

rights. [Doc. No. 16-2 at 4-37, 41-44.]³ Again, to the extent Petitioner is claiming a violation of state law, he is not entitled to federal habeas relief. *Estelle*, 502 U.S. at 67-68.  Moreover, Petitioner does not state a federal due process claim because the admission of the evidence did not render McDonald's trial fundamentally unfair. *Jammal,* 926 F.2d at 920.  As discussed by the magistrate judge, the excerpts of the tape were relevant to the credibility of the defense witnesses and the nature of McDonald's relationship with Washington, which related to the issue of whether the two committed the burglaries and attempted burglary together.  Finally, even if there was error, the error was harmless under *Brecht v. Abrhamson*, 507 U.S. 619 (1993), in light of the testimony about the contents of the excerpt of the tape that was already before the jury, and the strength of the evidence of Petitioner's guilt.  Accordingly, the Court adopts the Report and denies the petition as to this claim.

**F.  Claim Seven**

Petitioner argues that the prosecutor committed misconduct when he revealed to the jury via questioning of various witnesses that he was incarcerated during the trial. [Doc. No. 16-2 at 80-85.]⁴  As noted by the magistrate judge, the jury was most likely aware that McDonald had been reincarcerated as a result of the defense cross-examination of McDonald's California Youth Authority parole officer. [RT 103-41.] In addition, the testimony elicited was relevant to Ms. Burton's credibility.  Finally, the revelation that Petitioner was in custody was a very small portion of the trial and, in light of the evidence supporting Petitioner's guilt, was not "so inherently prejudical as to pose an unacceptable threat to his right to a fair trial." *Holbrook v. Flynn*, 475 U.S. 560, 567-68 (1986).  Accordingly, the Court adopts the Report and denies the petition as to this claim.

**G.  Claim Eight**

Petitioner argues that the prosecutor committed several acts of misconduct.  [Doc. No. 16-2 at 51-76.]⁵ As noted by the magistrate judge, the prosecutor's comments were not inappropriate and, even if they were, did not "so infect . . . the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181.  Accordingly, the Court adopts the Report and denies the

---

³ Petitioner does not set forth any particular objections to this section of the Report.

⁴ Petitioner does not set forth any particular objections to this section of the Report.

⁵ Petitioner does not set forth any particular objections to this section of the Report

1  petition as to this claim.

### H. Claim Nine

Petitioner argues that his counsel was ineffective for five reasons. [Doc. No. 16-2 at 77-85, Doc. No. 16-3 at 1-3; Doc. No. 16-2 at 77-83, 84-85, Doc. No. 16-3 at 1-3; Doc. No. 16-2 at 83-84.] First, he contends counsel should not have allowed his parole officer (James Burgert) to testify that he had been on parole previously, was on parole with two agencies at the time of the crimes, had committed criminal acts, such as drug use, had violated parole on several occasions and had been convicted of misdemeanors and felonies while on parole.  Second, he claims counsel should have prevented the jury from learning the identity of the parole agent.  Third, McDonald argues counsel should have brought a suppression motion alleging his Fifth Amendment right to remain silent had been violated because he was forced, as a condition of his parole, to reveal his residence.  Fourth, Petitioner claims counsel was ineffective for failure to object to the marijuana and alcohol testimony.  Finally, Petitioner contends that counsel should have objected to Petitioner's incarceration status being made known. [Doc. No. 50 at 9-10.]

As to the parole officer's testimony, in his objections, Petitioner argues that counsel "should have requested that the court admonish Burgert that he not talk about any past criminal acts, violations, or conduct not relevant to the instant case . . ." [Doc. No. 50 at 17-18.]  However, as the magistrate judge pointed out, much of what Burgert testified to was either already before the jury, an integral part of the defense strategy, or would have to be proven by the prosecution anyway. [Doc. No. 44 at 45.] Therefore, Petitioner suffered no prejudice.

Petitioner also states in his objections that the Report failed to address Petitioner's ineffective assistance of counsel claim with regard to the testimony of Officer Carroll. [Doc. No. 50 at 18-19.] Petitioner argues that Officer Carroll's testimony never should have been allowed at all because the testimony was "irrelevant and Prejudicial." [*Id.*] However, the testimony was not irrelevant, as it spoke to Petitioner's whereabouts during the relevant time period, as well as his association with Washington. Given the relevancy of the direct examination testimony, it was not error to fail to object to it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As to the failure to object to the marijuana and alcohol testimony, because there was no evidentiary error or prosecutorial misconduct with regard to its admission, defense counsel was not

ineffective in failing to further object. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994). Finally, as to the failure to object to Petitioner's incarceration status being made known, because the testimony was relevant to Burton's credibility and did not render the trial fundamentally unfair, *U.S. v. Washington*, 462 F.3d 1124, 1137 (9th Cir. 2006), defense counsel was not ineffective in failing to object. *James v. Borg*, 24 F.3d at 27. Accordingly, the Court rejects the Petitioner's objections, adopts the Report and denies the petition as to this claim.

**I. Claim Ten**

Petitioner argues that the cumulative effect of the evidentiary errors and ineffective assistance of counsel which occurred at his trial rendered it unfair. [Doc. No. 16-3 at 4-7.] In his objections, Petitioner again reiterates his arguments with regard to some of the previous claims. [Doc. No. 50 at 23 - 27.] However, as noted by the magistrate judge, because the Court has determined there is no merit to the alleged evidentiary errors or the claims of ineffective assistance of counsel, then there can be no cumulative error. *Jackson v. Brown*, 513 F.3d 1057, 1085 (9th Cir. 2008) (citations omitted). Accordingly, the Court rejects the Petitioner's objections, adopts the Report and denies the petition as to this claim.

**J. Claim Eleven**

Petitioner argues that his federal due process rights were violated by the state court's failure to *sua sponte* instruct the jury on the need for corroboration of an accomplice's testimony in order to convict him [Doc. No. 16-3 at 8-11], and because the jury was improperly instructed [Doc. No. 16-3 at 11-16]. In his objections, Petitioner again argues that the corroboration instruction should have been given. [Doc. No. 50 at 27-29.] However, as noted by the magistrate judge, such an instruction need not be given when the accomplice is called by the defense, as was the case here. *People v. Provencio*, 210 Cal. App. 3d 290, 308 (1989). Additionally, the failure to give the accomplice instructions did not "so infect the entire trial that [McDonald's] conviction violates due process." *Murtishaw v. Woodford,* 255 F.3d 926, 971(9th Cir. 2001)(citations omitted). Finally, Petitioner's argument that CALJIC No. 2.15 lowered the prosecutor's burden of proof is also without merit, as the inference a jury can draw from CALJIC No. 2.15 is a permissive one. *Ulster County Court v. Allen*, 442 U.S. 140, 157 (1979); *Schwendeman v. Wallenstein*, 971 F.2d 313, 316 (9th Cir. 1992). Accordingly, the Court rejects the

Petitioner's objections, adopts the Report and denies the petition as to this claim.

**K. Claim Twelve**

Petitioner argues that the trial court impermissibly denied his right to substitute counsel when it relieved his retained counsel, then reappointed her without holding a *Marsden* hearing [Doc. No. 16-3 at 17-19].[6] As noted by the magistrate judge, the trial court properly denied McDonald's request for substitute counsel and reasonably applied the factors set forth in *Miller v. Blackletter*, 525 F.3d 890, 895 (9th Cir. 2008). In addition, the trial court made an adequate inquiry into McDonald's alleged conflict with and complaints about Ms. Lacher, and there was no need for a further *Marsden* hearing. *See Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008). Finally, McDonald did not have a right to have public defender Gulley reinstated, as McDonald did not have a Sixth Amendment right to chose a court-appointed attorney. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Accordingly, the Court adopts the Report and denies the petition as to this claim.

**CERTIFICATE OF APPEALABILITY**

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to any of the claims raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

**CONCLUSION**

In sum, Petitioner has not established that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The Court

/ / / / /

---

[6] Petitioner does not set forth any particular objections to this section of the Report

1  hereby: (1) adopts the Report in full; (2) rejects the Petitioner's objections; (3) denies the Second
2  Amended Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

DATED: October 4, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge